# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY C. PONCEJA,<br><br>        Petitioner,<br><br>    v.<br><br>RICHARD B. IVES, Warden,<br><br>        Respondent. | Case No. CV 13-0445 ODW (JCG)<br><br>**ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE** |

## I.
## INTRODUCTION AND SUMMARY

On January 14, 2013, petitioner Judy C. Ponceja ("Petitioner"), a federal prisoner[1] proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). Petitioner challenges his sentence computation. (Pet at 3.) Specifically, Petitioner seeks prior custody sentence credit from January 10, 2007 to October 9, 2009. (*Id.*)

On February 6, 2013, Respondent filed a Motion to Dismiss the Petition

---

[1] Petitioner is currently incarcerated at the U.S. Penitentiary in Lompoc, California ("USP Lompoc"). (Pet. at 1; Declaration of Sarah Schuh ("Schuh Decl."), ¶ 6, Ex. B.) Petitioner is serving a 52-month term of imprisonment for making a firearm. (Schuh Decl., ¶ 5, Ex. A.) Petitioner's projected release date is July 19, 2013. (*Id.*)

("Motion"), contending that Petitioner failed to exhaust his administrative remedies with respect to all of his claims.

Petitioner did not file an Opposition to the Motion.[2]

As detailed below, the Court now recommends that the Petition be dismissed without prejudice.

## II.

## DISCUSSION

### A. Federal Prisoners are Generally Required to Complete the BOP's Four-Tiered Administrative Remedy Process

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (*per curiam*). However, because exhaustion is not a jurisdictional prerequisite, a district court has discretion to excuse "faulty exhaustion and reach the merits" under certain circumstances. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *abrogated on other grounds by Reno v. Kay*, 515 U.S. 50 (1995); *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004). For instance, exhaustion may be excused where administrative remedies are inadequate, futile, or where irreparable injury may occur without immediate judicial relief. *Laing*, 370 F.3d at 1000-1001.

The Federal Bureau of Prisons ("BOP") has established a four-tiered administrative remedy process, which allows a federal prisoner "to seek formal review of an issue relating to any aspect of his [or] her own confinement." 28 C.F.R. § 542.10. A prisoner must first seek to resolve the issue informally with prison staff. 28 C.F.R. § 542.13. If dissatisfied, the prisoner can then file a formal administrative remedy request at the institution of confinement. 28 C.F.R. § 542.14. If that request is

---

[2] Pursuant to Local Rule 7-12, the Court deems Petitioner's failure to file an Opposition as consent to the granting of the Motion.

denied by the warden, the prisoner must file an appeal with the Regional Director, and ultimately, the General Counsel's Office, in order to fully exhaust his or her administrative remedies.  28 C.F.R. § 542.15.

### B. BOP Records Establish Petitioner's Failure to Exhaust

Here, Petitioner has made no effort to exhaust the BOP's administrative remedy process with respect to any of his claims in the Petition.[3]  (Schuh Decl., ¶ 7, Ex. C.)  In fact, it appears that Petitioner has not filed a *single* administrative remedy request while incarcerated by the BOP.  (*Id.*)

Furthermore, Petitioner has not shown that exhaustion of the BOP's administrative remedy process will be a futile exercise or will cause Petitioner irreparable harm.  While Petitioner's current projected release date is approaching, the BOP's administrative remedy procedures incorporate relatively rapid deadlines for a response at each level of review.  *See* 28 C.F.R. § 542.18 (response by Warden must be made within 20 days, response by Regional Director within 30 days, and response by General Counsel within 40 days).  If Petitioner pursues his remedies with alacrity, he should be able to exhaust his administrative remedies before his sentence expires.  Indeed, if Petitioner had pursued his administrative remedies before filing the Petition, he likely would have exhausted his remedies by now.

Moreover, permitting Petitioner to proceed on unexhausted claims under these circumstances would encourage prisoners like Petitioner to bypass the administrative remedy procedure and take their claims directly into the courthouse, rather than exhausting, as they should, their administrative remedies in a timely fashion.  *See Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir. 1990).  Such an invitation should not be extended where it is not plainly warranted.

---

[3]  Petitioner alleges that he previously requested "credits for time served[,]" but the BOP "refused to apply" prior credit to his federal sentence. [Dkt. No. 2 at 3.]  However, Petitioner provides no evidence that he engaged in the BOP's administrative remedy process.  [*See* Dkt. Nos. 1-2.]

Accordingly, because Petitioner has not even attempted to exhaust his administrative remedies, the Petition must be dismissed without prejudice.

## III.

## **CERTIFICATE OF APPEALABILITY**

Additionally, for the reasons stated above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, it is recommended that a certificate of appealability be denied.

## IV.

## **ORDER**

For the foregoing reasons, **IT IS ORDERED THAT** this action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** to Petitioner reasserting his claims in a future habeas petition after he has exhausted his administrative remedies.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: March 20, 2013

_____
HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE